IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE AVIATION GROUP, INC., | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AIRCRAFT ACCESSORIES | ) | |
| INTERNATIONAL, LLC, | ) | |
| KEVIN ALLEN, individually, | ) | |
| RICHARD HEWITT, individually, | ) | |
| CARRIE LUDINGTON, individually, | ) | |
| KATHERINE ALLEN, individually, | ) | |
| and JUNE HEWITT, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff The Aviation Group, Inc. (hereinafter "Plaintiff" or

"TAG") and, for its Complaint against Defendants Aircraft Accessories

International, LLC (hereinafter "AAI" ), Kevin Allen (hereinafter "Allen"),

Richard Hewitt (hereinafter "Hewitt"), Carrie Ludington (hereinafter

"Ludington"), Katherine Allen (hereinafter "Katherine Allen") and June Hewitt

(hereinafter "June Hewitt") (collectively referred to as "Defendants"), allege as

follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff The Aviation Group, Inc. is a Georgia corporation with a

principal place of business located at 211 Prospect Park, Peachtree City Georgia 30269.  Plaintiff submits to the jurisdiction and venue of this Court.

2.      Defendant Aircraft Accessories International, LLC is a Georgia limited liability company with a business address located at 308 D Bob Industrial Drive, Suite 10, Peachtree City, Georgia 30269.  AAI's registered agent is Mark Oldenurg and can be served on behalf of AAI at 2004 Commerce Drive North, Suite 200, Peachtree City, Georgia 30269.  AAI is subject to the personal jurisdiction of this Court.

3.      Kevin Allen is an individual resident of Coweta County, Georgia, and current employee of Defendant AAI.  Defendant may be served at his home address of 138 Greison Trail, Newnan, Georgia 30263.  Defendant Allen may also be served at AAI's place of business located at 308 D Bob Industrial Drive, Suite 10, Peachtree City, Georgia 30269.  Kevin Allen is subject to the personal jurisdiction of this Court.

4.      Katherine Allen is an individual resident of Coweta County, Georgia, and wife of Defendant Kevin Allen.  Defendant Katherine Allen may be served at her home address of 138 Greison Trail, Newnan, Georgia 30263.  Katherine Allen is subject to the personal jurisdiction of this Court.

5.      Carrie Ludington is an individual resident of Fayette County, Georgia, and can be served at her home address located at 307 Raintree Bend, Peachtree

City, Georgia 30269.  Carrie Ludington is subject to the personal jurisdiction of this Court.

6.     Richard Hewitt is an individual resident of Fayette County, Georgia, and current employee of Defendant AAI.  Defendant Richard Hewitt can be served at his home address of 624 Bellenden Drive, Peachtree City, Georgia 30269.  Defendant Richard Hewitt can also be served at AAI's place of business located at 308 D Bob Industrial Drive, Suite 10, Peachtree City, Georgia 30269.  Richard Hewitt is subject to the personal jurisdiction of this Court.

7.     June Hewitt is an individual resident of Fayette County, Georgia, and can be served at her home address located at 624 Bellenden Drive, Peachtree City, Georgia 30269.  June Hewitt is subject to the personal jurisdiction of this Court.

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 regarding Plaintiff's federal law claims, and has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

9.     The claims asserted in this action arose within this District, the unlawful conduct of Defendants and damage to Plaintiff occurred in this District, Defendants reside in this district, Defendant AAI maintains a physical presence in this District, Defendant AAI transacts substantial business in this District, and Defendants should reasonably have expected that their actions would have consequences in this District.  Venue of this action is proper pursuant to 28 U.S.C.

§ 1391(b)(1).

## FACTUAL ALLEGATIONS

10.   Plaintiff is a service and repair shop that repairs and refurbishes airplane parts and accessories.

11.   Defendant Allen was hired by TAG in 2002 and continued his employment with TAG until March 28, 2014.

12.   Defendant Richard Hewitt was hired by TAG in 2006 as an operations manager and continued his employment with TAG until March 28, 2014.

13.   Defendant Ludington was hired by Defendant Richard Hewitt in January of 2012 to work at TAG and was employed by TAG until January of 2015.

14.   Defendant June Hewitt is the wife of Defendant Richard Hewitt, and knowingly and willingly accepted Plaintiff's converted funds and participated in Defendants' scheme to defraud Plaintiff, as well as endorsing checks from Plaintiff without authorization.

15.   Defendant Katherine Allen is the wife of Defendant Kevin Allen, and knowingly and willingly accepted Plaintiff's converted funds and participated in Defendants' scheme to defraud Plaintiff, as well as endorsing checks from Plaintiff without authorization.

16.   On August 24, 2010, Larry Hunt, the owner of Plaintiff, was blinded and nearly killed when Defendant Allen negligently operated a piece of equipment

he was not qualified or authorized to operate.  Defendant Allen's negligence rendered Larry Hunt completely blind and unable to effectively monitor the business of Plaintiff without assistance from other employees.

17.     As such, Defendants took advantage of Larry Hunt's incapacity in order to perpetuate fraud, steal funds from Plaintiff, convert Plaintiff's property, and tortiously interfere with Plaintiff's business relationships.

18.     Sometime during late 2012 and early 2013, Defendants Allen and Richard Hewitt, while still employed by TAG, started Defendant AAI, a competing business located in Peachtree City, Georgia, operating the exact same business as Plaintiff.  This is in clear violation of the obligations owed to Plaintiff contained in the employment agreements Defendants Allen and Richard Hewitt signed, as well as fiduciary obligations they owed to Plaintiff.

19.     While employed by Plaintiff, Defendants Allen and Richard Hewitt would create work orders for Defendant AAI and fraudulently misrepresent that they were for Plaintiff, and would induce Plaintiff's employees to complete the work orders for AAI's benefit.  Once the work was done, the work orders would be thrown away and AAI would reap the benefit of Plaintiff's labor.

20.     Plaintiff conducted a review of its invoices billed to Defendant AAI, which revealed that Defendants Allen and Richard Hewitt had purposefully billed AAI a total of $14,284.58 less than it should have been billed for work completed

on its behalf.

21.     Defendants Allen and Richard Hewitt issued purchase orders to AAI in the amount of $21,992.00 for parts and inventory that were already owned by Plaintiff.

22.     Plaintiff conducted a review of its checking account which revealed numerous checks that were issued to "Cash" and made payable to either Bud Allen or other individuals, however were endorsed by either Defendants Allen, Richard Hewitt, Ludington, Katherine Allen or June Hewitt.  All of these checks were not authorized by Plaintiff, and were fraudulently issued by Defendants.

23.     Katherine Allen endorsed and cashed several checks from Plaintiff that were not issued to her and were not authorized to be cashed by her, and the funds were deposited into an account that was not Plaintiff's.

24.     Another example concerning improper expenses concerns a check written on May 20, 2013 to June Hewitt for travel expenses.  June Hewitt was traveling to meet Defendant Richard Hewitt at an auction and Richard Hewitt fraudulently misrepresented to Plaintiff that June Hewitt would pay for her own ticket.  The check issued was endorsed by June Hewitt, and no expenses were reimbursed to Plaintiff.

25.     In Plaintiff's Quickbooks system, a check written on April 19, 2013 was recorded as being made payable to Bud Allen, however, copies of the check

from the bank show that the check was made payable to "Cash" and was endorsed by June Hewitt, without Plaintiff's authorization.

26.    A total of nine checks were issued by Defendant Ludington between July 2, 2014 and October 3, 2014 and made payable to Mary Francis Ludington, her daughter.  Only one of these checks, dated July 11, 2014 for $50.00, was approved by Plaintiff.  The remaining eight checks, totaling $490.00, were written without approval of Plaintiff and were all endorsed by Mary Francis Ludington.

27.    Additionally, a "Barter" account was established in Plaintiff's Quickbooks records.  After investigation, there are dozens of invoices worth thousands of dollars from Plaintiff to AAI that were shown as "paid for" on the Barter account in Plaintiff's Quickbooks. Actual goods were delivered to Defendant AAI but were paid for with Plaintiff's funds by Defendants Allen, Richard Hewitt and Ludington.

28.    While still employed with TAG, Defendant Richard Hewitt either wrote, or offered to write, letters of recommendation to several TAG employees after telling them that TAG was failing and would be out of business soon.  These statements were untrue and defamatory, and were intended to entice current employees to terminate their employment with Plaintiff in order to harm Plaintiff.

29.    On May 31, 2014, both Defendants Allen and Richard Hewitt separated from TAG, Defendant Allen telling TAG that he was going to work for

his father's company, and Defendant Richard Hewitt stating that he was retiring. In reality, they simply began working fulltime for Defendant AAI.

30.     Defendant Ludington remained employed by Plaintiff after Defendants Allen and Richard Hewitt left the company.  While still employed by Plaintiff, Ludington would redirect customers of Plaintiff to AAI in order to for AAI to obtain their business, and would purposely give Plaintiff's customers bad service in order to harm Plaintiff's reputation.

31.     In addition, Ludington would purposely fail to pay vendors on a timely basis, but would constantly misrepresent facts regarding the status of vendor payments when asked by TAG employees.  Ludington also purposely failed to pay Plaintiff's mortgage on its premises, and fraudulently misrepresented that the mortgage had been paid in an attempt to induce Plaintiff to into failing to make mortgage payments.  Plaintiff relied on Ludington's statements and as a result, missed several mortgage payments to its detriment.  Plaintiff's owner confronted Ludington about the failure to pay the mortgage after checking the company's Quickbooks records, which indicated payment had never been made.  After being confronted, Ludington then fraudulently created an entry in Quickbooks to make it appear that the mortgage had in fact been paid.

32.     Ludington also furnished Plaintiff's price points and customer lists to Defendants Allen and Richard Hewitt without authorization or privilege,

information which was proprietary and not public information whatsoever.

33.     Defendants Allen and Richard Hewitt, through Defendant AAI, used their direct knowledge of TAG's operations, along with customer lists and pricing points provided by Ludington, to target TAG's customers for the benefit of themselves and AAI.

## RICO CLAIM

34.     Defendants Allen, Richard Hewitt, and Ludington are all considered "persons" within the meaning of the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act, O.C.G.A. § 16-14-1 et seq, and within the meaning of 18 U.S.C.A. § 1961(3).

35.     Defendant AAI constitutes an "enterprise" pursuant to O.C.G.A. § 16-14-3(6) and 18 U.S.C.A. § 1961(4).

36.     Defendants Allen, Richard Hewitt and Ludington are co-conspirators that operate and control an "enterprise" pursuant to O.C.G.A. § 16-14-3(6).

37.     The enterprise is an ongoing organization, which engages in, and whose activities affect interstate and foreign commerce, and which engages in said activity within the State of Georgia.

38.     Defendants Allen, Richard Hewitt and Ludington operate, control, and participate in the enterprise and are a part of the enterprise.  These Defendants have an existence separate and distinct from the enterprise.

39.     Defendants Allen, Richard Hewitt and Ludington's pattern of illegal racketeering acts, include, inter alia, fraudulently writing checks from TAG to cash and endorsing the checks with their names and creating false entries in Plaintiff's records, falsifying work and purchase orders for AAI's gain, and converting parts and inventory from Plaintiff to Defendant AAI's possession.

40.     Defendants Allen, Richard Hewitt and Ludington are associated in fact, and therefore engaged in at least two acts of racketeering activity by committing theft by deception, in violation of O.C.G.A. § 16-8-3, by obtaining money by deceitful means or artful practice with the intention of depriving the owner of the property, specifically by creating or confirming an impression that checks were being issued to vendors for expenses when in reality they were being issued to "Cash" or "Bud Allen" or others and being endorsed by Defendants, who converted Plaintiff's funds and property.

41.     In performing their scheme, Defendants Allen, Richard Hewitt and Ludington utilized interstate commerce, as well as utilizing the mail and wire systems to communicate regarding the scheme, to transfer payments, and to mail and receive airplane parts on behalf of themselves and Defendant AAI.

42.     The foregoing violations of federal law constitutes racketeering activities pursuant to O.C.G.A. § 16-14-4 and 18 U.S.C. § 1962.

43.     All of the conduct herein alleged was committed by Defendants Allen,

Richard Hewitt and Ludington knowingly and maliciously, and with reckless disregard of the rights of Plaintiff.

44.     At all material times, Defendants Allen, Richard Hewitt and Ludington controlled and conducted the enterprise described herein which engaged in substantial interstate and foreign commerce, and transacted business in the State of Georgia.  The transactions complained of herein negatively impacted interstate and foreign commerce by the use of the instrumentalities of such commerce for illegal purposes and in direct contravention to federal and state laws.

45.     At all material times, in connection with the activities giving rise to this action, Defendants knowingly and willfully conspired with each other, as well as other known and unknown to Plaintiff, to engage in various activities set forth herein and aided and abetted one another in these activities, all as proscribed and prohibited by Georgia and federal law.

### COUNT I
### (Breach of Contract)

46.     Plaintiff repeats and realleges paragraphs 1-45 as though fully set forth herein.

47.     Plaintiff has duly performed or satisfied all conditions, promises and obligations required to be performed or satisfied by it in accordance with the terms and conditions of its employment contracts with Defendants Allen, Richard Hewitt, and Ludington.

48.     Defendants Allen, Richard Hewitt, and Ludington violated the terms and conditions of their employment contracts by starting a competing business while still employed by Plaintiff, which constitute violations of the conflict of interest obligations contained in the employment contracts, causing Plaintiff damage.

49.     Defendants Allen, Richard Hewitt, and Ludington are liable to Plaintiff for breach of contract in a total amount to be determined at trial.

## COUNT II
## (Breach of fiduciary duty)

50.     Plaintiff repeats and realleges paragraphs 1-49 as though fully set forth herein.

51.     As employees of Plaintiff, Defendants owed to Plaintiff fiduciary duties, and had an obligation to act with the utmost good faith and loyalty with respect to Plaintiff.

52.     Defendants Allen, Richard Hewitt and Ludington breached their fiduciary duties to Plaintiff by fraudulently misleading Plaintiff, misappropriating funds belonging to Plaintiff, converting property belonging to Plaintiff, grossly mismanaging aspects of Plaintiff's business, taking unilateral actions on behalf of Plaintiff without the required authority, failing to account for the operations of Plaintiff, failing to act in good faith with respect to each action taken with regard to Plaintiff, and engaging in grossly negligent, reckless, and intentional misconduct,

knowingly in violation of law, among other egregious acts.

53.     Defendants Allen, Richard Hewitt, and Ludington's conduct, as alleged herein, was inconsistent with their obligations to act with utmost good faith, loyalty, and candor to Plaintiff.

54.     Defendants Allen, Richard Hewitt, and Ludington have acted in bad faith towards Plaintiff and have taken actions contrary to Plaintiff's interests.

55.     As a direct and proximate result of Defendants Allen, Richard Hewitt, and Ludington's breaches of their fiduciary duties to Plaintiff, Plaintiff is entitled to equitable relief and damages in an amount to be determined at trial.

## COUNT III
## (Fraud)

56.     Plaintiff repeats and realleges paragraphs 1-55 as though fully set forth herein.

57.     Defendants Allen, Richard Hewitt, and Ludington made multiple false representations to Plaintiff concerning work orders, purchasing of inventory, and falsifying numerous checks as being paid to vendors, which were then endorsed and cash by Defendants.

58.     Defendants Allen, Richard Hewitt and Ludington misappropriated Plaintiff's funds for their own personal and business use without payment or reimbursement to Plaintiff.

59.     Defendants Allen, Richard Hewitt and Ludington intentionally failed

to disclose and knowingly concealed their actions and intentions with respect to the improper and unlawful conduct set forth in this Complaint, including opening of credit cards in their personal names but having the bills paid by Plaintiff, inducing Plaintiff to pay for work orders and invoices on behalf of Defendant AAI, and concealing their fraudulent conveyances of Plaintiff's property and unauthorized use of Plaintiff's funds.

60.     Defendants Allen, Richard Hewitt and Ludington's material misrepresentations and silence misled Plaintiff to its detriment.

61.     But for Defendants Allen, Richard Hewitt and Ludington's material misrepresentations and lack of required candidness to Plaintiff, Plaintiff would not have allowed them to take/and or maintain operational and financial control of Plaintiff's interests.

62.     By their conduct as set forth above, including their knowing and fraudulent execution of documents, and knowing participation in schemes to divert funds and property belonging to Plaintiff, Defendants Allen, Richard Hewitt and Ludington defrauded Plaintiff, who acted in reliance on books and records maintained by Defendants, as well as representations made by Defendants that they knowingly and intentionally caused to be inaccurate.

63.     Defendants Allen, Richard Hewitt and Ludington conspired to injure Plaintiff by working together in a common scheme to defraud Plaintiff, and each

Defendant is equally liable for Plaintiff's damages based on civil conspiracy. June Hewitt and Katherine Allen were knowing and willing participants in the alleged fraud, as well as a recipients of the fraudulent acts described above, and are jointly and severally liable.

64.     Upon information and actions of Defendants, Plaintiff believes Defendant AAI is an alter ego of Defendants Allen, Richard Hewitt and Ludington, and that these defendants acted as agents, apparent agents, and alter ego for Defendant AAI in perpetuating their fraudulent scheme upon Plaintiff, and that Defendant AAI knowingly and willingly received funds obtained fraudulently and unlawfully as part of Defendants' scheme. As such, Defendant AAI is jointly and severally liable along with Defendants Allen, Richard Hewitt and Ludington.

65.     As a direct and proximate result of Defendants Allen, Richard Hewitt and Ludington's intentional misrepresentations and concealments of material facts, Plaintiff has suffered, and continues to suffer, damages for which Defendants are liable, in an amount to be determined at trial.

## COUNT IV
### (Aiding and Abetting Breach of Fiduciary Duty)

66.     Plaintiff repeats and realleges paragraphs 1-65 as though fully set forth herein.

67.     At all times relevant to this Complaint, Defendants Allen, Ludington and Richard Hewitt were fully aware of the fiduciary duties each defendant owed

to Plaintiff.

68.     By knowingly and actively participating in each defendant's wrongful conduct in breach of their fiduciary duties to Plaintiff, and by knowingly and actively assissting Defendant Ludington in undertaking such wrongful conduct, Defendants Allen and Richard Hewitt acted to induce Ludington's breach of her fiduciary duties to Plaintiff.

69.     Upon information and actions of Defendants, Plaintiff believes Defendant AAI is an alter ego of Defendants Allen, Richard Hewitt and Ludington, and that these defendants acted as agents, apparent agents, and alter ego for Defendant AAI in aiding and abetting Defendant Ludington to breach her fiduciary duties to Plaintiff, and that Defendant AAI knowingly and willingly accepted the benefit of Defendants' actions.  As such, Defendant AAI is jointly and severally liable along with Defendants Allen and Richard Hewitt.

70.     As a direct and proximate result of Defendants' tortious procurement of the other defendant's breach of fiduciary duties owed to Plaintiff, Plaintiff has suffered and is entitled to damages in an amount to be determined at trial.

**COUNT V**
**(Conversion)**

71.     Plaintiff repeats and realleges paragraphs 1-70 as though fully set forth herein.

72.     By engaging in a series of unlawful and fraudulent acts as set forth in

this Complaint, Defendants have each converted property belonging to Plaintiff to their own use and benefit, including, but in no way limited to, money, documents, and airplane parts.

73.     Defendants conspired to injure Plaintiff by working together in a common scheme to convert property belonging to Plaintiff to Defendants' personal use and benefit, and each Defendant is equally liable for Plaintiff's damages based on civil conspiracy.

74.     Defendant June Hewitt, by knowingly and willingly accepting converted funds for her own personal benefit, and personally endorsing checks issued by Plaintiff to "Cash", is jointly and severally liable with Defendants.

75.     Defendant Katherine Allen, by knowingly and willingly accepting converted funds for her own personal benefit, and personally endorsing checks issued by Plaintiff to "Cash", is jointly and severally liable with Defendants.

76.     Upon information and actions of Defendants, Plaintiff believes Defendant AAI is an alter ego of Defendants Allen, Richard Hewitt and Ludington, and that these defendants acted as agents, apparent agents, and alter ego for Defendant AAI in converting Plaintiff's funds and property to AAI's benefit, and that Defendant AAI knowingly and willingly received funds obtained fraudulently and unlawfully as part of Defendants' scheme.  As such, Defendant AAI is jointly and severally liable along with Defendants Allen, Richard Hewitt, Ludington,

Katherine Allen and June Hewitt.

77.     As a result of Defendants' conversion, Plaintiff is entitled to equitable relief as well as damages, in an amount to be determined at trial.

## COUNT VI
## (Negligent Misrepresentation)

78.     Plaintiff repeats and realleges paragraphs 1-77 as though fully set forth herein.

79.     Defendants Allen, Richard Hewitt and Ludington negligently supplied false information to both Plaintiff and third parties on numerous occasions, as stated herein this Complaint, all of which constitute foreseeable persons.

80.     Plaintiff and third parties' reliance on this false information supplied by Defendants was reasonable.

81.     As a result, Plaintiff suffered economic injury as a proximate result from its reliance on Defendants' false representations, and is entitled to an award of damages to be proven at trial.

## COUNT VII
## (Tortious Interference with Business Relationship)

82.     Plaintiff repeats and realleges paragraphs 1-81 as though fully set forth herein.

83.     Defendants Allen, Richard Hewitt and Ludington, improperly and without privilege, acted purposefully and maliciously to induce customers of

Plaintiff to terminate or discontinue their business relationships with Plaintiff, causing Plaintiff damages.

84.     Upon information and actions of Defendants, Plaintiff believes Defendant AAI is an alter ego of Defendants Allen, Richard Hewitt and Ludington, and that these defendants acted as agents, apparent agents, and alter ego for Defendant AAI in tortiously interfering with Plaintiff's business relationships, and that Defendant AAI knowingly and willingly received the benefit of Defendants' tortious interference.  As such, Defendant AAI is jointly and severally liable along with Defendants Allen, Richard Hewitt and Ludington.

85.     Defendants are liable to Plaintiff for tortious interference with business relationship in an amount to be proven at trial.

## COUNT VIII
### (Misappropriation of Trade Secrets)

86.     Plaintiff repeats and realleges paragraphs 1-85 as though fully set forth herein.

87.     During their business relationship with Plaintiff, Defendants Allen, Richard Hewitt and Ludington were given access to, and possessed, trade secrets and confidential, proprietary business information pertaining to Plaintiff's business.

88.     Defendants wrongfully misappropriated Plaintiff's confidential, proprietary business information and/or trade secrets.  Such acts were made in

violation of common law, statutory and contractual obligations owed to Plaintiff by Defendants.

89.     Upon information and actions of Defendants, Plaintiff believes Defendant AAI is an alter ego of Defendants Allen, Richard Hewitt and Ludington, and that these defendants acted as agents, apparent agents, and alter ego for Defendant AAI in misappropriating Plaintiff's trade secrets for AAI's gain, and that Defendant AAI knowingly and willingly received Plaintiff's trade secrets.  As such, Defendant AAI is jointly and severally liable along with Defendants Allen, Richard Hewitt and Ludington.

90.     Defendants have used, an are continuing to use, Plaintiff's confidential and proprietary business information and/or property to their pecuniary advantage.

91.     Through their misappropriation of Plaintiff's confidential and proprietary business information and/or property, Defendants have proximately caused substantial injury to Plaintiff.

92.     Defendants' misappropriation of Plaintiff's confidential and proprietary business information and/or property was willful, wanton, and malicious, and in reckless disregard of the harm they were causing and was foreseeably likely to cause to Plaintiff, so that punitive damages should be imposed on Defendants.

93.     Plaintiff has sustained damages as a direct and proximate result of the unlawful actions taken by Defendants, thereby entitling Plaintiff to recovery of an award of damages and the costs of litigation pursuant to O.C.G.A. § 10-1-760, et seq.

## COUNT IX
### (Defamation-Slander)

94.     Plaintiff repeats and realleges paragraphs 1-93 as though fully set forth herein.

95.     Defendants Richard Hewitt and Ludington made statements about Plaintiff which were false, and communicated said false statements to third parties.

96.     Defendants Richard Hewitt and Ludington knew that these false statements would likely result in material and substantial defamation of Plaintiff's business practices.

97.     Defendants Richard Hewitt and Ludington's false statements imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of Plaintiff's lawful business, trade, and/or profession.

98.     As such, Plaintiff is entitled to an award of damages to be proven at trial.

## COUNT X
### (Unjust Enrichment)

99.     Plaintiff repeats and realleges paragraphs 1-98 as though fully set

forth herein.

100.   Defendants AAI, Allen, Richard Hewitt, Ludington, Katherine Allen and June Hewitt have personally benefitted and been unjustly enriched through their unlawful conduct as set forth in this Complaint, and via their common scheme to obtain money, property and other benefits which it would be inequitable for Defendants to keep.

101.   Equity requires that Defendants compensate Plaintiff for the benefits unlawfully obtained at Plaintiff's expense, in an amount to be determined at trial, or else return such benefits to Plaintiff.

## COUNT XI
**(Violation of The Racketeer Influenced and Corrupt Organization Act "RICO"**
**18 U.S.C.A. § 1962(c))**

102.   Plaintiff repeats and realleges paragraphs 1-101 as though fully set forth herein.

103.   Title 18 U.S.C.A. § 1962(c) of RICO prohibits "any person employed by or associated with any enterprise…to conduct or participate…in the conduct of such enterprise's affair through a pattern of racketeering activity…"

104.   At all times relevant to this Complaint, Defendants each constituted a "person" within the meaning of 18 U.S.C.A. § 1961(3) and 18 U.S.C.A. § 1964(c).

105.   Defendants were associated-in-fact and constituted--- and continue to constitute—an "enterprise within the meaning of 18 U.S.C.A. § 1961(4), engaging

in and affecting interstate commerce.  At all times relevant to this Complaint,

Defendants agreed to and did conduct and directly or indirectly participate in, or

aided and abetted, the conduct of the enterprise's affair through a pattern of

racketeering activity in violation of 18 U.S.C.A. § 1962(c), including false and

fraudulent representations to Plaintiff, fraudulently obtaining funds from Plaintiff,

interstate mail fraud in violation of 18 U.S.C.A. § 1341, interstate wire fraud in

violation of 18 U.S.C.A. § 1343, among other acts.

106.   Upon information and actions of Defendants, Plaintiff believes

Defendant AAI is an alter ego of Defendants Allen, Richard Hewitt and Ludington,

and that these defendants acted as agents, apparent agents, and alter ego for

Defendant AAI in perpetuating the aforesaid racketeering scheme, and that

Defendant AAI knowingly and willingly received funds obtained fraudulently and

unlawfully as part of Defendants' scheme.  As such, Defendant AAI is jointly and

severally liable along with Defendants Allen, Richard Hewitt and Ludington.

107.   As a direct and proximate result of Defendants' racketeering activities

and violations of 18 U.S.C.A. § 1962(c), Plaintiff has suffered injuries to its

business and property, including the incurrence of other incidental and

consequential damages and expenses, in an amount to be proven at trial.

### COUNT XII
### (Punitive Damages)

108.   Plaintiff repeats and realleges paragraphs 1-107 as though fully set

forth herein.

109.   Defendants Allen, Richard Hewitt and Ludington acted intentionally and in concert while committing fraud against Plaintiff, breaching their fiduciary duties to Plaintiff, unlawfully stealing Plaintiff's funds and property, and tortiously interfering with Plaintiff's business relationships, among other acts.  Defendants actions showed willful misconduct, wantonness, oppression, or the entire want of care which raises the presumption of conscious indifference to consequences.

110.   Upon information and actions of Defendants, Plaintiff believes Defendant AAI is an alter ego of Defendants Allen, Richard Hewitt and Ludington, and that these defendants acted as agents, apparent agents, and alter ego for Defendant AAI in perpetuating the aforesaid actions upon Plaintiff, and that Defendant AAI knowingly and willingly received the benefits obtained fraudulently and unlawfully as part of Defendants' scheme.  As such, Defendant AAI is jointly and severally liable along with Defendants Allen, Richard Hewitt and Ludington.

111.   Accordingly, Plaintiff is entitled to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT XIII
### (Attorneys' Fees)

112.   Plaintiff repeats and realleges paragraphs 1-111 as though fully set forth herein.

113.   As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

114.   As a result of Defendants' conduct, Plaintiff is entitled to recover expenses of litigation, including reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11 and other applicable law.

Dated: April 24, 2018

By:   s/Joseph Costyn
Joseph M. Costyn
GA. Bar No. 103557
Zachary B. Johnson
GA. Bar No. 972511
**COSTYN LAW, LLC**
6550 Powers Ferry Road NW
Atlanta, GA 30317
(404) 512-1858 P
(859) 712-1858 F