IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE AVIATION GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIRCRAFT ACCESSORIES INTERNATIONAL, LLC, KEVIN ALLEN, RICHARD HEWITT, CARRIE LUDINGTON, KATHERINE ALLEN, and JUNE HEWITT,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:18-CV-1811-MHC |

## ORDER

This case comes before the Court on Defendants' Consolidated Motion for Partial Judgment on the Pleadings [Doc. 18] ("Defs.' Mot. for J. on the Pleadings"), Defendants' Consolidated Motion to Strike Plaintiff's Amended Complaint [Doc. 22] ("Defs.' Mot. to Strike"), and Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 27] ("Pl.'s Mot. for Leave to Amend").

### I. BACKGROUND

Plaintiff The Aviation Group, Inc. ("TAG") filed the above-styled Complaint on April 26, 2018. Compl. [Doc. 1]. TAG repairs and refurbishes airplane parts and accessories. Id. ¶ 10. Larry Hunt ("Hunt"), the owner of TAG,

alleges that he was injured on August 24, 2010, because of Defendant Kevin Allen's negligence and that the injury left Hunt blind and unable to run his business without the assistance of his employees. Id. ¶ 16. TAG alleges that after Hunt's injury, the individual Defendants, all former TAG employees and spouses of former TAG employees, conspired to defraud Hunt, convert Hunt's property, and interfere with TAG's business relationships. Id. ¶ 17.

As a part of the alleged scheme to defraud, TAG alleges that in late 2012, Defendants Kevin Allen and Richard Hewitt, while still employed by TAG, started Aircraft Accessories International, LLC ("AAI"), an entity engaged in the exact same business as TAG. Id. ¶ 18. TAG alleges that Kevin Allen and Richard Hewitt would create work orders for AAI, fraudulently misrepresent that the work orders were for TAG, and would induce TAG's employees to complete the work orders for AAI's benefit. Id. ¶¶ 19, 39. TAG alleges that Kevin Allen, Katherine Allen, Richard Hewitt, June Hewitt, and Carrie Ludington ("Ludington") (collectively, "the individual Defendants") fraudulently wrote numerous unauthorized company checks to "cash" and other recipients. Id. ¶¶ 22-26, 39. TAG also alleges that after Kevin Allen and Richard Hewitt eventually left TAG to work full-time at AAI, Ludington remained at TAG to give TAG customers bad

service and not pay vendors in order to damage TAG's reputation and redirect business to AAI. Id. ¶¶ 30-31.

Based on these factual allegations, TAG filed the above-styled Complaint with the following thirteen causes of action: (1) breach of contract, (2) breach of fiduciary duty, (3) fraud, (4) aiding and abetting breach of fiduciary duty, (5) conversion, (6) negligent misrepresentation, (7) tortious interference with business relationship, (8) misappropriation of trade secrets, (9) defamation-slander, (10) unjust enrichment, (11) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962(c), (12) punitive damages, and (13) attorneys' fees. On July 25, 2018, Defendants filed their Motion for Judgment on the Pleadings, arguing that TAG's Complaint failed to state RICO claim as a matter of law and that the pendent state law claims should be dismissed.

TAG subsequently filed an Amended Complaint on August 8, 2018 [Doc. 20]. The Amended Complaint contains the same thirteen causes of action and adds eight paragraphs which, TAG contends, include "significant factual information that has been obtained since the filing of the original complaint, including financial documents, invoices from Defendant AAI, email communications and other documents which show specific dates and individuals involved as elaborated on in greater detail in the attached Amended Complaint." Pl.'s Mot. for Leave to

3

Amend at 1-2. Defendants moved to strike the Amended Complaint on the basis that, *inter alia*, it was filed without leave of court more than twenty-one days after the original complaint was served on Defendants. Defs.' Mot. to Strike at 3. Subsequently, on September 7, 2018, TAG filed its Motion for Leave to Amend, attaching what appears to be the same Amended Complaint filed on August 8, 2018. See Pl.'s Mot. for Leave to Amend.

Given that Defendants' Motion for Judgment on the Pleadings is potentially dispositive of all issues in this case, the parties requested a stay of discovery so that they would not waste resources responding to discovery during the pendency of the motion. See Order dated Oct. 26, 2018 [Doc. 33]. The parties represent that no documents have been produced in this case. Id.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Legal Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citing FED. R. CIV. P. 12(c)); see also Horsley v. Rivera,

4

292 F.3d 695, 700 (11th Cir. 2002). "A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss." Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008). Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Thus, a claim will survive a motion for judgment on the pleadings only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

On a motion for judgment on the pleadings, the court accepts all the well-pleaded factual allegations in the complaint as true, as well as all reasonable inferences drawn from those facts. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014); Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301

(11th Cir. 2001). Not only must the court accept the well-pleaded allegations as true, they must be construed in the light most favorable to the pleader. Perez, 774 F.3d at 1335. "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Gordon v. YMCA ECDC of Atlanta, No. 3:13-CV-11(CAR), 2014 WL 1392962, at *1 (M.D. Ga. Apr. 9, 2014) (quotation and citation omitted). "A complaint will survive judgment on the pleadings if it contains 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Iqbal, 556 U.S. at 678).

**B.   Analysis**

Defendants argue that TAG's sole federal cause of action, its federal RICO claim (Count XI), is subject to dismissal as a matter of law. Mem. of Law in Supp. of Defs.' Mot. for J. on the Pleadings [Doc. 18-1] at 2. Because the RICO claim is the only claim providing this Court with original federal question jurisdiction, Defendants request that this Court decline to exercise supplemental jurisdiction over the remaining pendent state law claims. Id. at 2, 20-21. TAG does not respond to the merits of Defendants' Motion for Judgment on the Pleadings, but instead argues that the motion is rendered moot by the Amended Complaint TAG

6

filed two weeks after Defendants filed their motion. Pl.'s Resp. in Opp'n to Defs.' Mot. for J. on the Pleadings [Doc. 21].[1]

### 1. Federal RICO Claim

Among other reasons, Defendants argue that the RICO claim is barred by the applicable four-year statute of limitations. Mem. of Law in Supp. of Defs.' Mot. for J. on the Pleadings at 2, 18-20.

> Civil RICO claims are subject to a four-year statute of limitations. A civil RICO claim accrues, and the four-year limitations period begins to run, when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering.

Moskovits v. Aldridge Pite, LLP, 677 F. App'x 510, 517 (11th Cir. 2017) (citations and quotations omitted); see also Maiz v. Virani, 253 F.3d 641, 676 (11th Cir.

---

[1] Not only did TAG not respond to the merits of Defendants' Motion for Judgment on the Pleadings in its response brief, but TAG also elected not to address the merits of those arguments in two subsequent filings. Neither TAG's September 7, 2018, Motion for Leave to Amend its Complaint nor its Response in Opposition to Defendants' Motion to Strike [Doc. 28] ("Resp. in Opp'n to Mot. to Strike") respond to Defendants' argument that TAG's federal RICO claim fails as a matter of law. Further, TAG elected not to file a reply brief in support of its Motion for Leave to Amend its Complaint in which it could have addressed these issues. Accordingly, as it relates to the statute of limitations issue, Defendants' Motion for Judgment on the Pleadings is unopposed. See Kramer v. Gwinnett Cty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("a party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed"); LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion.").

2001) ("[T]he Supreme Court in <u>Rotella v. Wood</u>, 528 U.S. 549 (2000) ruled that the limitations period for a civil RICO action begins to run when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering.") (citing <u>Rotella v. Wood</u>, 528 U.S. 549, 555 (2000)).

TAG alleges that the individual Defendants' "pattern of illegal racketeering acts, include, *inter alia*, fraudulently writing checks from TAG to cash and endorsing the checks with their names and creating false entries in Plaintiff's records, falsifying work and purchase orders for AAI's gain, and converting parts and inventory from Plaintiff to Defendant AAI's possession." Compl. ¶ 39. The Complaint includes at least two examples of the fraudulent check writing that forms part of the alleged pattern of racketeering activity: (1) TAG alleged that an unauthorized check was written on April 19, 2013, made payable to cash was endorsed by June Hewitt, and (2) another unauthorized check was written on May 20, 2013, to June Hewitt for travel expenses. <u>Id.</u> ¶¶ 24-25.

TAG alleges it discovered the alleged fraudulent activity by conducting a "review of its invoices," "a review of its checking account," and by looking in its Quickbooks system. <u>See id.</u> ¶¶ 20, 22, 25. There is nothing alleged in the Complaint to suggest that TAG was somehow prevented from reviewing its own

8

records, including its invoices, checking account, and Quickbooks system, or otherwise should not have been aware of the alleged fraudulent activity as of April 19, 2013. Because a simple review of TAG's invoices, checking account, and Quickbooks system revealed the alleged fraudulent activity forming the basis of TAG's RICO claim, the Court finds for purposes of the instant motion that the RICO claim accrued when the unauthorized check was written on April 19, 2013. See Moskovits, 677 F. App'x at 517. Because TAG did not bring its federal RICO claim until April 26, 2018, the statute of limitations has run and the claim (Count XI) is time barred. See Rowe v. Gary, Williams, Parenti, Watson & Gary, P.L.L.C., 181 F. Supp. 3d 1161, 1174 (N.D. Ga. 2016), rev'd on other grounds, Rowe v. Gary, 703 F. App'x 777 (11th Cir. 2017); see also Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (noting that the granting of a motion to dismiss on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred). Consequently, TAG's RICO claim (Count XI) is **DISMISSED WITH PREJUDICE**.

### 2. Pendent State Law Claims

Having resolved TAG's sole federal claim against Defendants, the Court still must determine whether it should exercise supplemental jurisdiction over the remaining state law claims in Counts I through X and XII through XIII. See 28

9

U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). The Court may decline to exercise supplemental jurisdiction over non-diverse state law claims if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. See 28 U.S.C. § 1367(c). In addition, in deciding whether to exercise supplemental jurisdiction over pendent state law claims under § 1367(c), a Court should also consider the interest of judicial economy, convenience, fairness to the litigants, and comity. Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1569 (11th Cir. 1994). The Eleventh Circuit Court of Appeals has noted that "if the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims." L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).

The outcome of this dispute now depends exclusively on issues of state law. The Court finds that judicial economy, fairness, and convenience favor declining to exercise supplemental jurisdiction over TAG's remaining state-law claims. See Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997); see also Eubanks v. Gerwen, 40 F.3d 1157, 1162 (11th Cir. 1994) (remanding the case to the district court to consider dismissing plaintiff's state-law claims without prejudice so that the plaintiff could pursue those claims in state court where the court had granted summary judgment to the defendant on plaintiff's federal-law claims).

In light of the above authority, the Court declines to exercise jurisdiction over TAG's state law claims (Counts I through X and XII through XIII), which are **DISMISSED WITHOUT PREJUDICE**.

### III.  MOTION TO AMEND

#### A.  Legal Standard

Under Federal Rule of Civil Procedure Rule 15(a), a party may amend its complaint once as a matter of course within twenty-one days after service of a response by answer or motion. FED. R. CIV. P. 15(a)(1). Otherwise, the party may amend its complaint "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) further instructs that "[t]he court

11

should freely give leave when justice so requires." Id. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981)); see also Spanish Broad. Sys. v. Clear Channel Commc'ns, 376 F.3d 1065, 1077 (11th Cir. 2004) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial.") (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Nevertheless, courts may deny a motion to amend for numerous reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment. . . ." Foman, 371 U.S. at 182; see Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (citing Halliburton & Assoc., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985)).

Where, as here, the motion to amend is untimely under the court's

scheduling order, the moving party must show "good cause" for the untimely motion before the court can consider whether the amendment should be allowed under Rule 15(a) of the Federal Rules of Civil Procedure. Smith v. Sch. Bd. of Orange Cty., 487 F.3d 1361, 1366 (11th Cir. 2007); see also Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998); FED. R. CIV. P. 16(b)(3)-(4) (providing that a scheduling order "must limit the time to . . . amend the pleadings," and that a scheduling order "may be modified only for good cause and with the judge's consent"). A showing of good cause requires a showing that the deadlines in the scheduling order "cannot 'be met despite the diligence of the party seeking the extension.'" Sosa, 133 F.3d at 1418 (quoting Rule 16 advisory committee's note). If the good-cause standard in Rule 16 is met, the Court then turns to the liberal-amendment standard of Rule 15.

**B.     Analysis**

TAG does not identify the specific language added to the proposed Amended Complaint. A comparison of the proposed Amended Complaint with the original reveals that TAG alleges the same thirteen counts, but the Amended Complaint contains 122 paragraphs, while the original was comprised of 114 paragraphs. TAG represents that the proposed Amended Complaint has the same counts and allegations as the original Complaint, but just adds "significant factual

information that has been obtained since the filing of the original complaint, including financial documents, invoices from Defendant AAI, email communications and other documents which show specific dates and individuals involved as elaborated on in greater detail." Pl.'s Mot. for Leave to Amend at 1-2.

Pretermitting an analysis of whether TAG has shown good cause to amend the scheduling order under Rule 16, the Court examines whether the proposed amendment in this case would be futile under Rule 15. Defendants contend that TAG's Motion for Leave to Amend should be denied as futile because the Amended Complaint "do[es] not cure the basic pleading deficiencies identified in the Defendants' Motion for Partial Judgment on the Pleadings. The Amended Complaint now being proffered remains subject to dismissal." Id. at 10. Among other reasons, Defendants argue that Plaintiff's federal RICO claim is still subject to the four-year statute of limitations. Although TAG does not respond to Defendants' specific arguments regarding the futility of its amendment,[2] TAG preemptively contended that its Amended Complaint states "sufficient facts to state a claim for relief that is facially plausible." Pl.'s Mot. for Leave to Amend at 5-6; see also Resp. in Opp'n to Mot. to Strike at 6 (stating, in response to Defendants'

---

[2] See n. 1, supra.

14

argument that an amendment would be futile, that "[t]he amendments Plaintiff seeks to add, and found in the Amended Complaint, flush out in thorough detail the allegations made against Defendants with additional dates of alleged occurrences and the parties involved.").

"This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (quotation and citation omitted).

> Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim. See Foman v. Davis, 371 U.S. 178, 182 (1962) (describing "futility" as a basis for denying leave).

Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

TAG's proposed amendments do not change this Court's conclusion that the statute of limitations bars TAG's RICO claim. If anything, the allegations TAG added identify additional acts that form part of the alleged pattern of racketeering activity predating April 26, 2014 (the date preceding the filing of the Complaint by four years). See e.g., Am. Compl. [Doc. 27] ¶¶ 22 (identifying fraudulent checks that date back to January 18, 2011, which were discovered after reviewing TAG's checking account), 23 (identifying checks that "were fraudulently endorsed by Kathryn Allen on November 27, 2012[,] and December 20, 2012."), 24 ("Another

15

example concerning improper expenses concerns a check written on May 20, 2013[,] to June Hewitt for travel expenses."), 25 (identifying fraudulent credit card transactions from as early as November 2012), 26 (identifying a fraudulent credit card transaction from February 10, 2013), 27 ("Over the period from November 2012 through March 6, 2014, Defendants charged approximately $60,456.53 in unauthorized purchases using unauthorized charge cards on Plaintiff's American Express account."), 31 (alleging that Defendants sold TAG's inventory without remitting payment as early as May 9, 2012), 47 (alleging that Defendants pattern of racketeering "activities began, at minimum, January 18, 2011, and extend into January of 2015.").

Consequently, because TAG's proposed Amended Complaint continues to rely on alleged fraudulent action that forms part of the alleged pattern of racketeering activity which falls outside the statute of limitations, TAG's federal RICO claim is barred and the proposed amendment is futile.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Consolidated Motion for Partial Judgment on the Pleadings [Doc. 18] is **GRANTED**. Plaintiff's RICO claim (Count XI) is **DISMISSED WITH PREJUDICE**.

16

It is further **ORDERED** that Plaintiff's state law claims (Counts I through X and XII through XIII), are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Defendants' Consolidated Motion to Strike Plaintiff's Amended Complaint [Doc. 22] is **DENIED AS MOOT**, and Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 27] is **DENIED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 12th day of February, 2019.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge